IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EDWARD JEROME HARBISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:06-cv-01206 |
| v. | ) | Judge Trauger |
| | ) | |
| GEORGE LITTLE, in his official capacity as | ) | |
| Tennessee's Commissioner of Correction, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

Plaintiff moves this Court, pursuant to RULE 37(a)(2)(B), FEDERAL RULES OF CIVIL PROCEDURE, for an order to compel Dr. Mark Dershwitz, Defendants' designated expert witness, to answer in writing and under oath questions regarding his bias toward the death penalty and questions regarding whether he demanded and participated in alteration of public records which are material to this law suit and are relevant to his credibility.

RULE 26(a)(4), FED. R. CIV. P., provides that any person who has been identified as a trial expert may be deposed. RULE 37, FED. R. CIV. P., sets forth the mechanism for ensuring compliance with RULE 26. First, the parties shall make a good faith effort to discover the material without court action. FED. R. CIV. P. 37(a)(2)(A), (B). Once good faith efforts to resolve the issue are exhausted, plaintiff may move for a court order. Once an order to compel is entered, a violation of the order may result in sanctions. FED. R. CIV. P. 37(b). As applied to depositions, subpart (a)(2)(B) provides relief when a deponent fails to answer a question propounded and also allows the proponent of the question to complete the examination before applying for an order. Because Dr. Dershwitz has failed to answer relevant questions, and because good faith efforts to resolve the issue have failed, an order to compel is warranted.

As set forth in more detail in the motion, Dr. Dershwitz refused to answer questions about his views on the death penalty. (R.113-1 p.3-5). Questions about Dr. Dershwitz's views on the death penalty are relevant to establishing bias. "It is permissible to impeach a witness by showing his bias ... ." *United States v. Abel*, 469 U.S. 45, 51 (1984). Bias is relevant to showing that a witness might "slant, unconsciously or otherwise, his testimony in favor of or against a party." *Id.* Because bias is relevant, and because the defendant will not agree to further questioning, an order to compel is warranted.

Dr. Dershwitz also refused to answer questions about whether he demanded that the State alter the minutes of the execution protocol committee meetings. (R. 113-1 p.5-6). This conduct bears on Dr. Dershwitz's credibility and bias. It is material to the lawsuit because it altered documentation of the committee's activities and the information upon which they acted or the information they disregarded when promulgating Tennessee's lethal injection protocol. Discovery on this issue is plainly warranted. *Id.*

Defendant's position is that Mr. Harbison waived these lines of questioning because he did not "do anything to attempt to secure answers at that time [during the deposition]." (R.113-3, p.2). Defendant is in error. First, Defendant overlooks the fact that Plaintiff asked questions "in an attempt to secure answers" yet Defendant's expert stormed out of the deposition room to address Defendant's counsel. Second, when Defendant's expert returned to the room he sat silent, with arms crossed in response to further questions, glaring at Plaintiff's counsel. Third, RULE 37(a)(2)(B), FED. R. CIV. P., specifically contemplates a motion to compel after the deposition: "When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order."

Rule 37's enforcement mechanisms are mandatory. *Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). The evidence is relevant. It will not burden defendant excessively to answer the proposed written interrogatories. This Court should enter an Order compelling Dr. Mark Dershwitz to answer in writing and under oath those questions set forth in the body of the contemporaneously filed motion and to answer in writing and under oath such follow-up questions as may be submitted to him.

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

BY: /s/ Stephen M. Kissinger
Stephen M. Kissinger
Asst. Federal Community Defender
530 S. Gay Street, Suite 900
Knoxville, TN 37902
(865) 637-7979
(865) 637-7999 (FAX)

CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2007, this Memorandum in Support of Plaintiff's Motion to Compel was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt addressed to:

Mark A. Hudson
Senior Counsel
Office of Attorney General
425 Fifth Avenue North
P. O. Box 20207
Nashville, TN 37243
(615) 741-7401
Mark.A.Hudson@state.tn.us

Martha A. Campbell
Associate Deputy Attorney General
Office of Attorney General
425 Fifth Avenue North
P. O. Box 20207
Nashville, TN 37243
(615) 532-2558

/s/Stephen M. Kissinger
Stephen M. Kissinger