**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **EDWARD JEROME HARBISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:06-1206** |
| | ) | **JUDGE TRAUGER** |
| **GEORGE LITTLE, in his official capacity as Tennessee Commissioner of Correction, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' TRIAL BRIEF

## PRELIMINARY STATEMENT

The plaintiff in this action is a condemned inmate residing at Riverbend Maximum Security Institution, (Riverbend), in Nashville, Davidson County, Tennessee. His execution by lethal injection is scheduled for September 26, 2007. The essence of the plaintiff's complaint is that the State intends to use a protocol whereby he would be injected with a dose of sodium thiopental, then with a dose of pancuronium bromide (Pavulon), and then with a dose of potassium chloride. He contends that this Court should declare the protocol unconstitutional and enjoin its use under the Eighth and Fourteenth Amendments. The plaintiff also contends that the Department of Correction's (TDOC) failure to require sufficient training, credentials, certification, experience, or proficiency of the personnel involved in the administration of the lethal injection procedure greatly increases the risk that a conscious prisoner will experience excruciating pain.

The defendants rely on all defenses previously raised in this case, including but not limited to, dilatoriness, statute of limitations, failure to exhaust under the Prisoner Litigation Reform Act, and the defense that controlling authority mandates dismissal of the plaintiff's claims as a matter of law.

## APPLICABLE LAW

The Eighth Amendment prohibition proscribes punishments that involve "unnecessary and wanton inflictions of pain," *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)), or that are inconsistent with "evolving standards of decency that mark the progress of a maturing society." *Estelle,* 429 U.S. at 102 (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)). Prison authorities' actions or inactions must be characterized as "repugnant to the conscience of mankind" in order to violate the Eighth Amendment. *Estelle,* 429 U.S. at 105-06. "Punishments are cruel when they involve torture or a lingering death; but the punishment of death is not cruel, within the meaning of that word as used in the Constitution. It implies there something inhuman and barbarous, — something more than the mere extinguishment of life." *In re Kemmler*, 136 U.S. 436, 447 (1890).

The Supreme Court has held that a challenge to a drug cocktail used in carrying out a lethal injection sentence could be brought under 42 U.S.C. § 1983 as opposed to a petition for habeas corpus. *Hill v. McDonough,* 126 S.Ct. 2096 (2006). A §1983 challenge to the procedure used in an execution is a challenge to the circumstances of confinement. *Id.* at 2101. The Supreme Court outlines the objective and subjective components of a conditions of confinement claim in *Farmer v. Brennan*:

> First, the deprivation alleged must be, objectively, "sufficiently serious," (citations omitted); a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities," (citations omitted). . . . The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." (citation omitted). To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." (citations omitted). In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety.

511 U.S. 825, 834 (1994). The plaintiff must satisfy both components of an Eighth Amendment claim to obtain relief regardless of the relief requested. *Id.* at 845-46.

**A. OBJECTIVE COMPONENT OF EIGHTH AMENDMENT CLAIM**

The objective component of an Eighth Amendment claim does not adhere to rigid limitations or formulas because it reflects the "contemporary standards of decency" of the society. *Hudson v. McMillan*, 503 U.S. 1, 8 (1992)(quoting *Estelle*, 429 U.S. at 103). Evidence of legislative trends is particularly relevant when measuring "evolving standards of decency." *Atkins v. Virginia*, 536 U.S. 304, 311-12 (2002).

In *Workman v. Bredesen*, 486 F.3d 896 (6th Cir. 2007),[1] the Sixth Circuit noted that the

---

[1]While *Workman* involved an expedited appeal of the district court's issuance of a temporary restraining order — an order the Sixth Circuit vacated — its holdings are no less binding on this Court. While *Univ. of Tex. v. Camenish*, 451 U.S. 390, 395 (1981) held that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits," that proposition cannot justify disregarding the Sixth Circuit's pronouncements in *Workman*. *Workman* is *not* an order of a district court *granting* preliminary injunctive relief. *Workman* is rather a decision of a higher court *vacating* a preliminary injunction on account of numerous errors of law committed by the lower court which had granted it. There is no authority of which we are aware from any circuit that authorizes lower courts to ignore the pronouncements of higher courts on matters decided by the higher courts. While the district court in *Workman* would indeed have been free to revisit its *own* findings and conclusions made at the preliminary injunction stage later on at a trial on the merits, it would *not* have been authorized to disregard the findings and conclusions of the Sixth Circuit on remand

Supreme Court has never invalidated a State's (or the Federal Government's) chosen method of execution. *Id*. at 906. No court has issued a final decision declaring a State's lethal-injection protocol unconstitutional. Instead, several lower courts have upheld the specific three-drug, lethal-injection protocol at issue here including the Tennessee Supreme Court in *Abdur'Rahman v. Bredesen*, 181 S.W.3d 292, 297-98 (Tenn. 2005). *Workman*, 486 F.3d at 906. Lethal injection is the preferred method of execution in 37 of the 38 States with the death penalty, and the three-drug protocol used by Tennessee is the preferred form of lethal injection in at least 29 jurisdictions. The Federal Government also uses lethal injection. *Id.* at 907 (referencing the Death Penalty Information Center, Lethal Injections, available at http://www.deathpenaltyinfo.org/article.php?did=1686&scid=64#drugs). "If 'evolving standards of decency' are the measure of constitutionality, Tennessee has satisfied the requirement." *Id*. at 907. That is the law of the Sixth Circuit, and it binds this court.

**B. SUBJECTIVE COMPONENT OF EIGHTH AMENDMENT CLAIM**

In order to show deliberate indifference on the part of prison officials, the plaintiff must also establish the defendants' "actual awareness of a substantial risk of serious harm." *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994)(citing *Farmer*, 114 S.Ct. at 1980-81). For a prison

---

from an interlocutory appeal of the preliminary injunction.

Furthermore, even if dicta, decisions of the Sixth Circuit on questions of law are of considerable persuasive value. *United States v. City of Hialeah*, 140 F.3d 968, 974 (11th Cir. 1998)("Even though that statement by the Supreme Court . . . was dictum, it is of considerable persuasive value, especially because it interprets the Court's own precedent."); *Wright v. Morris*, 111 F.3d 414, 419 (6th Cir. 1997)("Where there is no clear precedent to the contrary, we will not simply ignore the [Supreme] Court's dicta."); *Jordon v. Gilligan*, 500 F.2d 701, 707 (6th Cir. 1974)("Even the [Supreme] Court's dicta is of persuasive precedential value.").

official to be liable for an Eighth Amendment violation, he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Farmer,* 511 U.S. at 837. (Emphasis added). Prison officials may only be held liable for denying humane conditions of confinement if they know that inmates face a substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it. *Id.* at 832. Neither negligence, gross negligence nor risk of an accident will support a claim of constitutional violation. *Estelle,* 429 U.S. at 106; *Workman*, 486 F.3d at 907-08 ("At some level, every execution procedure ever used contains risk that the individual's death will not be entirely pain free."); *Walker v. Norris,* 917 F.2d 1449, 1454 (6th Cir. 1990). The mere failure of a prison official to choose the best course of action does not amount to a constitutional violation. *Farmer,* 511 U.S. at 845 ("[P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause."); *Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002).

In the present case, there is no evidence of any intent to inflict needless pain. The current protocol was adopted after months of review by a committee composed primarily of senior staffers of the Department of Correction. The committee consulted with medical experts and officials in sister states; attended an on-site presentation by the Federal Bureau of Prisons' execution team; held a public hearing; and reviewed applicable court decisions. To the extent that the current protocol mirrors the previous Tennessee protocol specifically approved in *Abdur'Rahman* and three-drug lethal injection protocols from other states approved by court decision, by definition there can be no intent to inflict unnecessary pain.

It is irrelevant to this analysis that the parties' medical experts may disagree. This is not

a medical malpractice case where the fact finder may choose to believe the testimony of one medical expert over another relative, for example, to standard of care or proximate cause. Where non-medical officials consult qualified medical experts and act reasonably based upon the information received, they have met their constitutional obligation.

**CONCLUSION**

After reviewing the April 2007 Tennessee lethal injection protocol the Sixth Circuit held:

> Call the requirement of the Eighth Amendment what you will — avoiding the "unnecessary and wanton infliction of pain," refraining from "deliberate indifference" to the needs of inmates or keeping up with "evolving standards of decency" — they do not prohibit the adoption, implementation and refinement of a lethal-injection procedure in as comprehensive manner as this. The efforts of the Governor and the corrections department suggest a State intent not just on satisfying the requirements of the Eighth Amendment but on far exceeding them.

*Workman*, 486 F.3d at 908-09.

For the foregoing reasons, the defendants respectfully request that judgment be awarded in their favor.

Respectfully submitted,

ROBERT E. COOPER, JR.
Attorney General

s/Mark A. Hudson
MARK A. HUDSON, BPR #12124
Senior Counsel
Office of the Attorney General
P. O. Box 20207
Nashville, TN 37202-0207
(615) 741-7401

s/Martha A. Campbell
MARTHA A. CAMPBELL, BPR #14022
Associate Deputy Attorney General
Office of the Attorney General
P. O. Box 20207
Nashville, TN 37202-0207
(615) 532-2558

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Stephen M. Kissinger
Federal Defender Services
of Eastern Tennessee, Inc.
530 S. Gay Street, Suite 900
Knoxville, Tennessee 37902

s/Mark A. Hudson
MARK A. HUDSON, BPR #12124
Senior Counsel
Office of the Attorney General
P. O. Box 20207
Nashville, TN 37202-0207
(615) 741-7401